IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD R. SISNEY, JR., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-132-OLG |
| | § | |
| TRINIDAD DRILLING, LP | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANT'S MOTION TO STRIKE AND SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Plaintiffs file this Unopposed Motion for Leave to File a five page Response to Defendant's Motion to Strike Plaintiffs' Evidence and Surreply to Defendant's Reply to Plaintiffs' Response to Motion for Summary Judgment, and would respectfully show the Court as follows:

**I.     BACKGROUND**

1.     On March 2, 2016, Defendant, Trinidad Drilling, LP ("Defendant") filed its Motion to Strike Plaintiffs' Evidence and Reply to Plaintiffs' Response to [Defendant's] Motion for Summary Judgment (ECF No. 17 (the "Reply Brief"). That Reply Brief contains a non-dispositive Motion to Strike Plaintiffs' declarations they filed in support of their Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 16 (the "Response Brief")) in addition to a Reply mostly premised on those declarations being stricken.

2.     With regards to the Motion to Strike Evidence, Defendant did not confer with Plaintiffs on that non-dispositive motion prior to filing same as required by Local Rule 7(i), and Plaintiffs respectfully request that they be allowed to respond to that Motion to Strike Evidence

as it presents arguments Plaintiffs could not foresee or respond to in their Response Brief – namely that they allegedly do not have personal knowledge or foundation to testify as to the things they observed on a regular basis while working on Defendant's drilling rigs.

3. The remainder of Defendant's Reply Brief proceeds to make arguments premised on ignoring Plaintiffs' 188 pages of supporting evidence to their Response Brief in addition to making arguments not supported by the only evidence submitted by Defendant in support of its Motion for Summary Judgment – a five page declaration from Carlton Campbell.[1]

## II. ARGUMENT & AUTHORITIES

4. This Court's Fact Sheet allows for briefing beyond the motion, response and reply pursuant to a motion for leave and Court order allowing same. (Fact Sheet for United States District Judge Orlando Garcia, ¶ 32).

5. The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

6. Here, Defendant's Reply Brief includes a Motion to Strike Plaintiffs' Evidence contending that the employees who worked on Defendant's drilling rigs through three of Defendant's regional drilling rig yards do not have personal knowledge or foundation so as to testify to (a) the equipment they observed being shared between the drilling rigs, (b) the sharing of employees they observed between the drilling rigs, and (c) the roles of drilling rig superintendent managers they saw and interacted with at their drilling rigs. (ECF No. 17, pp. 1 - 8). Defendant's argument is premised on the accusation that Plaintiffs, who were the actual crew members of the drilling rigs (*i.e.* Roughnecks holding job titles of Driller, Derrickhand, Motorhand and Floorhand), supposedly have no personal knowledge of or foundation for the

---

[1] ECF Nos. 15 & 15-1 (the "MSJ").

things they testified as observing and experiencing because they are just manual laborers. (ECF No. 17, ¶3). Defendant's Reply Brief then proceeds to make arguments premised on those declarations being stricken and presumes that the only evidence before the Court is the five page declaration of Campbell, who Plaintiffs previously identified does not have personal knowledge of their work. (ECF No. 16-1, ¶2).

7. In their Response Brief, Plaintiffs could not have anticipated or contested Defendant's position that they allegedly do not have personal knowledge or foundation to testify as to the things they observed and experienced while working as Roughnecks on Defendant's drilling rigs. Similarly, as the remainder of the Reply Brief is premised on that argument, Plaintiffs could not have contested that argument in their Response Brief.

8. Accordingly, Plaintiffs respectfully request that the Court grant leave for them to file a Reply to the Motion to Strike Plaintiffs' Evidence and Surreply to the Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment. Plaintiffs respectfully request no more than five total pages for that brief and seven days to file same from the Court's entry of an Order, if any, granting leave to file that brief.

    Respectfully submitted,

By:   s/Allen R. Vaught
       Allen R. Vaught
       TX Bar No. 24004966
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas 75219
       (214) 521-3605 – Telephone
       (214) 520-1181 – Facsimile
       avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs and Defendant conferred on the subject matter of this motion on March 2, 2016, and Counsel for Defendant indicated that Defendant is unopposed to Plaintiffs seeking leave of Court to file a surreply to Defendant's Motion to Strike Plaintiffs' Evidence and Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment (ECF No. 17).

s/Allen R. Vaught<br>
Allen R. Vaught

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record by the Western District of Texas CM/ECF method on March 3, 2016.

s/ Allen Vaught<br>
Allen R. Vaught